GARY M. RESTAINO
United States Attorney
District of Arizona

GLENN B. McCORMICK
Arizona State Bar No. 013288
Email: glenn.mccormick@usdoj.gov
ALANNA KENNEDY
Arizona State Bar No. 034257
Email: Alanna.Kennedy@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 1 6 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.    CR-22-01049-PHX-DJH (JZB) |
|---|---|
| Plaintiff, | |
| v. | **INDICTMENT** |
| | VIO: 18 U.S.C. §§ 371 and 554(a) (Conspiracy to Smuggle Goods from the United States) Count 1 |
| 1. Ulysses Estrada, aka "Uly;" (Counts 1-15) and | 18 U.S.C. §§ 371 and 922(a)(6) (Conspiracy to Make False Statements in Acquisition of Firearms) Count 2 |
| 2. Christian Machado, (Counts 2-15) | 18 U.S.C. § 922(a)(6), 924(a)(2), and 2 (False Statements in Acquisition of Firearms and Aid and Abet) Counts 3-15 |
| Defendants. | Title 18 USC §§ 924(d) and 981, Title 21, USC § 853, and Title 28, USC §2461(c) (Forfeiture Allegations) |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

**INTRODUCTION**

1.    At all relevant times, that is up to March 9, 2020, export of certain arms, munitions, implements of war, and defense articles, were regulated by the United States pursuant to the Arms Export Control Act, Title 22, United States Code, § 2778 ("AECA").

2.    The regulations that governed such exports were entitled the International Traffic in Arms Regulations, Title 22 Code of Federal Regulation, §§ 120-130 ("ITAR"). The ITAR implemented the provision of the AECA and established the framework for regulating the export of defense articles. The Department of State, Directorate of Defense Trade Control ("DDTC") was responsible for administering the ITAR.

3.    The ITAR contained the United States Munitions List, Title 22 Code of Federal Regulation, § 121.1 ("USML"). Items and services listed in the USML were deemed "defense articles" and "defense services," and are subject to the ITAR. The USML set forth twenty-one categories of defense articles that are subject to export licensing controls by DDTC, ranging from firearms parts to military equipment to missiles. 22 CFR § 121.1.

4.    Pursuant to the ITAR, "[n]o person may knowingly or willfully attempt, solicit, cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by, or the omission of any act required by 22 U.S.C. § 2778, 22 U.S.C. § 2779, or any regulation, license, approval, or order issued thereunder." 22 C.F.R. § 127.1(e).

5.    The ITAR defined an "export" as, among other things, the sending or taking of a defense article out of the United States in any manner. Unless an exemption applied, the AECA and the ITAR prohibited all defense articles or defense services from being exported from the United States without a license from the DDTC. 22 U.S.C. § 2778(b)(2); 22 C.F.R. § 123.1.

- 2 -

6.    The category of USML relevant herein is Category I(a) which included "[n]on-automatic and semi-automatic firearms to .50 caliber inclusive (12.7mm)," within which the following firearms are included: Colt M4, Beretta 92FS, and Century Arms RAS47.

7.    Federal Firearms Licensees (FFLs) CTT, ADF, AFG, AFA, PG, JAJ, and SS were businesses licensed under the provisions of Chapter 44 of Title 18, United States Code. As such, the provisions of Chapter 44 of Title 18 required FFLs CTT, ADF, AFG, AFA, PG, JAJ, and SS to maintain certain records of firearms transactions, including Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record. Form 4473 requires a firearms purchaser truthfully to provide certain information, including whether the person making the purchase is the true purchaser of the firearm.

## COUNT 1

8.    The allegations in Introduction paragraphs 1-6 are incorporated as though fully set forth herein.

9.    Beginning on or before May 13, 2016, and continuing to on or about February 16, 2018, in the District of Arizona and elsewhere, ULYSSES ESTRADA, a.k.a. "ULY", did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to commit offenses against the United States, that is: (1) to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, and object, contrary to any law and regulation of the United States, and (2) to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article and object, knowing the same to be intended for exportation contrary to any law and regulation of the

- 3 -

United States, specifically the AECA, Title 22, United States Code, § 2778 and the ITAR 22 C.F.R. §§ 120-130, all in violation of Title 18, United States Code, Section 554(a).

10.    All in violation of Title 18, United States Code, Section 371.

Overt Acts

11.    In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant and others performed and caused to be performed, among others, the following overt acts:

12. Between May 13, 2016, and February 16, 2018, ULYSSES ESTRADA a.k.a. "ULY" received money to purchase firearms that he then provided to others whom he directed to purchase firearms he and others intended to transport to Mexico.

13.    Between August 31, 2017, and November 9, 2017, after receiving instructions from ULYSSES ESTRADA a.k.a. "ULY", another conspirator known to the grand jury purchased 15 firearms on 13 occasions from FFLs CTT, ADF, AFG, AFA, and PG, and during the course of those purchases falsely represented that he was the true purchaser of the firearms.

14.    Between November 29, 2017, and January 9, 2018, after receiving instructions from ULYSSES ESTRADA a.k.a. "ULY", other conspirators known to the grand jury, purchased seven firearms on six occasions from FFLs JAJ and SS, and during the course of those purchases falsely represented that they were the true purchasers of the firearms.

15.    On multiple occasions between May 13, 2016, and February 16, 2018, after receiving firearms others purchased at his direction, ULYSSES ESTRADA a.k.a. "ULY" transported the firearms to a residence in San Luis, Arizona and then called others to arrange for the firearms to be picked up and transported to Mexico.

///

///

- 4 -

## COUNT 2

16.    The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

17.    Beginning on or before August 31, 2017, and continuing to on or about November 9, 2017, in the District of Arizona and elsewhere, ULYSSES ESTRADA, a.k.a. "ULY" and CHRISTIAN MACHADO, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the grand jury, to knowingly make false statements and representations on ATF Form 4473 in connection with the purchase of firearms from federal firearms licensees, which statements were intended and likely to deceive the federal firearms licensees, as to a fact material to the lawfulness of such sale of the said firearms under chapter 44 of Title 18, in that CHRISTIAN MACHADO represented that he was the true purchaser of said firearms, when in truth and in fact, he was buying the firearms on behalf of ULYSSES ESTRADA a.k.a. "ULY", in violation of Title 18, United States Code, Sections 922(a)(6).

18.    All in violation of Title 18 United States Code, Section 371.

### Overt Acts

19.    In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendants and others performed and caused to be performed, among others, the following overt acts:

20.    Between August 31, 2017, and November 9, 2017, after receiving instructions from ULYSSES ESTRADA a.k.a. "ULY", CHRISTIAN MACHADO purchased 15 firearms on 13 occasions from FFLs CTT, ADF, AFG, AFA, and PG, and during the course of those purchases falsely represented that he was the true purchaser of the firearms.

///

///

- 5 -

**COUNTS 3-15**

21.    The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

22.    On or about the dates set forth in each count below, in the District of Arizona, CHRISTIAN MACHADO and ULYSSES ESTRADA a.k.a. "ULY" knowingly made false statements and representations on ATF Form 4473, in connection with the purchase of the firearms listed in each count below, from the FFLs listed in each count below, which statements were intended and likely to deceive the FFLs, as to a fact material to the lawfulness of such sale of the listed firearms under chapter 44 of Title 18, in that CHRISTIAN MACHADO represented that he was the true purchaser of said firearms, when in truth and in fact, he was buying the firearms on behalf of ULYSSES ESTRADA a.k.a. "ULY".

| Count | Date | FFL | Firearm(s) |
|---|---|---|---|
| 3 | August 31, 2017 | CTT | Colt M4 Serial Number LE437119 |
| 4 | September 7, 2017 | ADF | Colt M4 Serial Number LE575303 |
| 5 | September 22, 2017 | ADF | Colt M4 Serial Number LE514211 |
| 6 | September 27, 2017 | AFG | Colt M4 Serial Number LE198941 |
| 7 | October 12, 2017 | CTT | Beretta 92FS Serial Number A142542Z |
| 8 | October 14, 2017 | AFA | Colt M4 Serial Number LE511667 |
| 9 | October 19, 2017 | AFA | Colt M4 Serial Number LE225697 |
| 10 | October 20, 2017 | PG | Beretta 92FS Serial Number BER094713Z |
| 11 | October 20, 2017 | ADF | Colt 1911 Serial Number 9SCC01569<br>Beretta 92FS Serial Number A155848Z |
| 12 | October 23, 2017 | CTT | Beretta 92FS Serial Number A142540Z |
| 13 | October 26, 2017 | PG | Beretta 92FS Serial Number A146813Z |

|  |  |  | Beretta 92FS Serial Number A146816Z |
|---|---|---|---|
| 14 | November 3, 2017 | ADF | Colt M4 Serial Number LE557988 |
| 15 | November 9, 2017 | AFA | Century Arms RAS47 Serial Number RAS47P001902 |

23.    In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## FORFEITURE ALLEGATIONS

24.    The Grand Jury realleges and incorporates the allegations of Counts 1 through 15 of this Indictment, which are incorporated by reference as though fully set forth herein.

25.    Pursuant to Title 18 United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 15 of this Indictment, the defendant(s) shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

26.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence,

(b) has been transferred or sold to, or deposited with, a third party,

(c) has been placed beyond the jurisdiction of the court,

(d) has been substantially diminished in value, or

(e) has been commingled with other property which cannot be divided without

- 7 -

difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

27.    All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date:  August 16, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

/S/
ALANNA R. KENNEDY
GLENN B. McCORMICK
Assistant U.S. Attorneys

- 8 -