LAW OFFICES OF MELINDA J. KOVACS
Melinda J. Kovacs (Bar No. 020532)
7000 N. 16th St.
Suite 120-362
Phoenix, AZ 85020
Telephone: (602) 481-0691
mjkovacs@gmail.com
Attorney for Defendant
Ulysses Estrada

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Ulysses Estrada,<br><br>    Defendant. | Case No: 2:22-cr-01049-DJH<br><br>**DEFENDANT'S DISPOSITION MEMORANDUM**<br><br>Defendant in Custody |

Comes now defendant, Ulysses Estrada, by and through counsel Melinda Kovacs, and requests that this Court consider the following brief information prior to Disposition on December 3, 2025.

Defendant is facing his first Supervised Release Violation and has admitted to drinking alcohol in March of 2025. There are separate allegations regarding alleged new crimes. These allegations are not convictions and are unproven. Both the Arizona State and United States Constitution require that a defendant is presumed innocent until and unless he has been proven guilty. In this client's case, he has not been proven guilty of anything, in fact he has not even been arraigned on these charges. Therefore, the court should not consider the allegations regarding any criminal activity which have not been admitted to, nor yet proven with any piece of evidence.

Counsel requests that this court proceed with disposition regarding only the admitted violation, which is consuming alcohol, a small amount of beers on March 5, 2025. For a first-time violation of supervised release to a lower-level offense of consuming alcohol, a sentence of time served, in this case, 35 days, is appropriate.

Here, the probation officer is requesting a six-month term but that is based on unproven charges and also her conclusion that he received a significant break in his original sentencing. It is not appropriate to state that an original reduced sentence is now a reason for an extreme sentence in a minor first time supervised release violation of drinking alcohol. Most persons coming before the court for a first supervised release violation with a lower-level admission should receive either the low end of the advisory guideline range or less.

Counsel respectfully requests that this court consider the admission in a vacuum, as that is the only admitted violation, and the only thing able to be proven at this time. Counsel also respectfully requests that the court not consider their original sentence or the variance granted at the time of sentencing, as that was based on several other factors.

In mitigation, this defendant has substantially complied with supervised release. He has been working diligently since his release from incarceration. Upon release he worked for FedEx where he was given the honor of employee of the month. Afterwards he received an offer for a higher paying job at Groundhogs Pipe Works, where he works laying underground pipe. During this employment he has not only received additional certifications through the OSHA Department of Construction but he has found himself to happily work between 60 and 65 hours a week and make substantially more money due to overtime hours. He enjoys that this work keeps him busy and he enjoys the additional pay. He also completed several classes with Rosene Bose, finished on

July 16, 2025, at the direction of his supervised release officer which addressed relapse prevention after the alcohol consumption.

Additionally, this defendant suffers from type one diabetes, which is a fact that was made known to the court at the time of sentencing and which the client is not keeping a secret from anyone. This issue is raised because he continues to struggle receiving his insulin on a timely basis while in custody and therefore he suffers more than the normal incarcerated individual.

Counsel apologizes for the late filing of this memorandum, but she did not receive the Probation Office Memorandum and recommendation until late today after she left the Florence incarceration facility visiting with her client. Counsel respectfully requests that this Court still consider her memorandum despite the late hour.

Therefore, it is the request of defendant through counsel that he be granted a punitive sentence of time served in jail, with no additional time in custody, and to be returned to supervised release.

Respectfully submitted:  December 3, 2025.


 *s/Melinda Kovacs*
 Melinda Kovacs
 Attorney for Defendant

<u>Certificate of Service:</u>

I hereby certify that on December 2, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk's Office, USDC Phoenix
Honorable Diane J. Humetewa
Glenn McCormick and Alanna Kennedy, US Attorney's Office

<u>*/s/ Melinda J. Kovacs*</u>
Melinda J. Kovacs
Attorney for Defendant